**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| ANTONE D. SINGLETARY, | : | |
| Petitioner, | : | Case No. 3:06CV084 |
| vs. | : | District Judge Walter Herbert Rice |
| | | Magistrate Judge Sharon L. Ovington |
| STATE OF OHIO,[1] | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATIONS[2]

**I.    INTRODUCTION**

Petitioner Antone D. Singletary is an inmate in custody of the State of Ohio due to his convictions in June 1998 of aggravated robbery and aggravated burglary. These convictions stemmed from guilty pleas Singletary entered in the Montgomery County, Ohio Court of Common Pleas. The trial judge sentenced Singletary to terms of imprisonment lasting eight years on the aggravated robbery conviction and seven years on the aggravated burglary conviction, to be served consecutively. (Doc. # 7, Exhibit 9 at 7; Exh. 11).

Singletary brings the present case *pro se* seeking a writ of habeas corpus under 28 U.S.C. §2254. The case is before the Court upon Singletary's Petition, Respondent's Answer/Return of

---

[1] The proper party Respondent in this case is Wanza Jackson, the Warden of the Warren Correctional Institution in Lebanon, Ohio, where Singletary is currently incarcerated. *See* http//:www.drc.state.us. For docketing purposes, the caption of this case remains the same.

[2] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Writ, and the record as a whole.

## II. PROCEDURAL BACKGROUND

Singletary filed a timely direct appeal of his convictions in the Ohio Court of Appeals. (Doc. #7, Exhs. 12-15). The Ohio Court of Appeals affirmed his convictions on May 7, 1999. (Doc. #7, Exh. 15).

Singletary did not file a timely direct appeal in the Ohio Supreme Court. Instead, the next action he took in state court occurred on August 26, 2003 when he filed in the trial court A Motion For Sentence Modification Pursuant To Ohio Revised Code 2929.51. (Doc. #7, Exh. 16). After the parties briefed the issues raised in Singletary's Motion, the trial judge overruled the Motion in December 2003. (Doc. #7, Exhs. 16-18).

Approximately fifteen months later, on March 8, 2005, Singletary filed an Application For Reopening Appeal Pursuant To Ohio Rules Of Appellate Procedure 26(B) in the Ohio Court. (Doc. #7, Exh. 19). The Ohio Court of Appeals overruled this Application on March 30, 2005. (Doc. #7, Exh. 21). In response, Singletary filed an unsuccessful Motion For Reconsideration in the Ohio Court of Appeals. (Doc. #7, Exhs. 22, 23). Singletary next attempted to appeal these decisions to the Ohio Supreme Court. (Doc. #7, Exhs. 25-26). In August 2005, the Ohio Supreme Court rejected Singletary's Memorandum in Support of Jurisdiction. (Doc. #7, Exh. 28).

In March 2006, Singletary filed in the trial court a Petition To Vacate Or Set Aside Judgment Of Conviction Or Sentence. (Doc. #7, Exh. 30). After briefing by the parties, the trial judge dismissed Singletary's Motion. (Doc. #7, Exhs. 30-34). Singletary thereafter filed an appeal in the Ohio Court of Appeals, which remained pending at the time he filed the present

2

federal habeas corpus case. (Doc. #7, Exhs. 35-38; *see* Doc. #1 at 2-4; *see also* Doc. #7 at 10).

### III. THE PRESENT CASE

On March 27, 2006, Singletary filed the present case raising three grounds for relief:

Ground One: I was denied effective counsel in both trial & appellate court.

    Supporting Facts: Prejudicial error occurred when counsel refused to go forward to such an extent it constitutes ineffective representation.

Ground Two: Court left unresolved serious ethical considerations.

    Supporting Facts: The Court committed prejudicial error in failing to hold a hearing and/or rule on the serious ethical allegations raised by counsel's 'motion to withdraw.'

Ground Three: Denial of motion to withdraw guilty plea without a hearing was prejudicial in view of the serious inducements.

    Supporting Facts: By denying my motion to withdraw guilty plea without a hearing especially in light of the serious allegations about ethical conflicts and inducements and promises made violated my constitutional rights.

(Doc. #1 at 5-9).

### IV. ANALYSIS

Respondent contends that Singletary's Petition is barred by the applicable one-year statute of limitations because his convictions became final on June 21, 1999, forty-five days after he failed to file a timely direct appeal in the Ohio Supreme Court. Respondent thus calculates that Singletary had until June 21, 2000 to file the instant Petition. Consequently, according to Respondent, Singletary's Petition is time barred because he did not file it until March 27, 2006. This contention is well taken.

The Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA") requires a

3

state prisoner seeking to bring a habeas corpus action to file his or her Petition within one year from the conclusion of his or her state appeal. 28 U.S.C. §2244(d)(1). This one-year period begins to run from the latest of the following:

  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution ... is removed;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable...;

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1).

  The AEDPA permits tolling of its one-year statute of limitations as follows:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d)(2).

  Singletary's direct appeal in the Ohio Court of Appeals concluded on May 7, 1999 when the Ohio Court of Appeals issued its decision rejecting his Assignments of Error. *See* Doc. #7, Exh. 15. Under the Ohio Supreme Court Rules of Practice, Singletary had 45 days to file an appeal in the Ohio Supreme Court. *See* Ohio S.Ct. R. Pract., Rule II, §2(A). Singletary thus had until June 21, 1999, to file a Notice of Appeal in the Ohio Supreme Court. He did not do so. Consequently, the AEDPA's statute of limitations began to run on June 21, 1999. One year later, on June 20, 2000, the AEDPA's limitation period expired.

  Singletary did not file the present case until March 27, 2006, and his petition is

4

consequently untimely unless some intervening state court proceeding tolled the AEDPA's statute of limitations. Singletary, however, did not initiate any potential intervening state court proceeding until well after the one-year limitation period expired. Indeed, Singletary's next action occurred in August 2003, more than four years after the Ohio Court of Appeals dismissed his direct appeal, when he filed in the trial court his Motion For Sentence Modification. Because this occurred well after the expiration of the AEDPA's one-year limitation period, it does not operate to restart the limitations period. *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001)(AEDPA's statute of limitations not "retriggered" by denial of a Motion for Delayed Appeal). The same is correct as to each of the other types of relief Singletary sought in the Ohio courts. He filed his Rule 26(B) Application in March 2005 and his Petition To Vacate Or Set Aside Judgment Of Conviction Or Sentence in March 2006, both well after the AEDPA's one-year limitation period expired.

Equitable tolling does not rescue Singletary's habeas petition from its time problem because a review of the record reveals no indication that Singletary lacked either actual or constructive knowledge of the AEDPA's limitation period, or that he has been diligent in pursuing his habeas claims. In these circumstances, equitable tolling does not assist Singletary in avoiding the AEDPA's one-year statute of limitations, *see Vroman v. Brigano*, 346 F.3d 598, 604-05 (6th Cir. 2003).

Lastly, in the event the Court finds the petition timely, Respondent alternatively seeks an Order requiring Singletary to exhaust his present claims by filing a Motion for Delayed Appeal in the Ohio Supreme Court. Such an Order is unwarranted because even if the Ohio Supreme Court permitted Singletary a further direct appeal, this would not alter the time problem he faces

– that the AEDPA's limitation period expired many years ago and that subsequent state court proceedings did not, and will not, re-start the limitations period. *See Searcy*, 246 F.3d at 519.

Accordingly, the AEDPA's one-year statute of limitations bars Singletary's habeas corpus petition. The conclusion that Singletary's habeas petition is barred by the applicable statute of limitations is not debatable among jurists of reason. Consequently, a certificate of appealability should not issue.

### IT IS THEREFORE RECOMMENDED THAT:

1. Antone D. Singletary's petition for a writ of habeas corpus (Doc. #1) be DENIED and DISMISSED as time barred;

2. A certificate of appealability under 28 U.S.C. §2253(c) not issue; and

3. The case be terminated on the docket of this Court.


November 8, 2006

                     s/ Sharon L. Ovington
                     Sharon L. Ovington
                    United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).